# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>       v.<br><br>DEVAUGHN DORSEY,<br><br>    Defendant. | NO. CR08-245RSL<br><br>ORDER DENYING MOTION TO SEVER COUNTS |

## I. INTRODUCTION

This matter comes before the Court on defendant Dorsey's "Motion to Sever Counts," Dkt. #208. Defendant contends that the government misjoined Counts 21 and 22 of the indictment in violation of Fed. R. Crim. P. 8(a). Defendant further contends that even if the Court finds proper joinder, the Court should still exercise its discretion to sever the counts under Fed. R. Crim. P. 14(a) because joinder of the offenses would be prejudicial to his defense. For the reasons set forth below, the Court denies defendant's motion.

## II. DISCUSSION

**A. Background**

Counts 1 through 20 of the Second Superceding Indictment charge defendant with Conspiracy to Traffic in Motor Vehicles, Operating a Chop Shop, and Trafficking in Motor Vehicles. Dkt. #166 at 1-12. The government alleges that defendant was the leader of a conspiracy to steal motor vehicles by means of a "key switch" scheme, in which defendant and

ORDER DENYING MOTION TO
SEVER COUNTS - 1

his co-conspirators would visit an auto dealership, ask to test drive a vehicle, and then secretly switch the real vehicle key with a similar key. According to the government, the conspirators would later return with the real key and drive the vehicle off the lot. The government further alleges that, after stealing the vehicle, defendant would switch the Vehicle Identification Number ("VIN"), obtain a new title, and sell the vehicle.

Count 13 specifically charges defendant with stealing and switching the VIN of a 2008 black Buick LaCrosse. Id. at 9. After police tracked down M.F., the owner of the car and an acquaintance of defendant, she identified defendant as the person who asked her to title the car in her name. M.F. was served with a subpoena to appear before a grand jury on May 15, 2008 to testify to her knowledge of defendant's auto theft activities.

Counts 21 and 22, added to the indictment on January 8, 2008, charge defendant with witness tampering and discharging a firearm in relation to that crime. Id. at 13. These counts are based on a shooting that took place in M.F.'s apartment two days before she was scheduled to testify before the grand jury. While M.F. was at home with her mother, boyfriend, and two children, several shots were fired from outside her apartment through a window. The assailant hit M.F. and her son C.A., both of whom were briefly hospitalized and have since recovered.

Although the government has no forensic evidence connecting defendant to the shooting, it has gathered information from cooperators regarding defendant's motive to shoot M.F., information from the scene of the shooting, and defendant's cell phone records indicting he had traveled to M.F.'s neighborhood around the time of the shooting. The government also intends to put forth defendant's several false alibis and evidence relating to defendant's past efforts to silence witnesses in cases pending against him.

**B. Analysis**

Fed. R. Crim. P. 8(a) permits joinder of offenses involving a single defendant if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." In the

Ninth Circuit, "the validity of the joinder is determined solely by the allegations in the indictment." United States v. Terry, 911 F.2d 272, 276 (9th Cir. 1990). Rule 8 is broadly construed in favor of joinder. United States v. Jawara, 474 F.3d 565, 573 (9th Cir. 2007) (citing United States v. Friedman, 445 F.2d 1076, 1082 (9th Cir. 1971)).

The government asserts that Counts 21 and 22 are based upon a common scheme or plan related to other counts in the indictment. Dkt. #213 at 1, 6. In determining whether counts arise from a common scheme or plan, the Court asks "whether '[c]ommission of one of the offenses []either depended upon []or necessarily led to the commission of the other." Jawara, 474 F.3d at 574 (quoting United States v. Halper, 590 F.2d 422, 429 (2d Cir. 1978)) (alterations in original).

The face of the indictment clearly sets forth how the joined offenses relate to the overarching conspiracy. Count 1, charging conspiracy, alleges that it was "part of the conspiracy to attempt to prevent potential witnesses from testifying through intimidation and acts of violence directed against the witnesses and their family members." Dkt. #166 at 2. Listed as one of the overt acts in furtherance of the conspiracy is the allegation that "[o]n or about May 13, 2008, DEVAUGHN DORSEY did shoot, and did aid and abet and otherwise facilitate the shooting of, government witness M.F. and her son, C.A., with a firearm." Id. at 5. Moreover, Count 21 explains that the witness tampering charge is "connected with and constitut[es] part of a common scheme or plan to traffic in stolen motor vehicles." Id. at 13. Both Counts 21 and 22 state that the offenses were "committed during and in furtherance of the conspiracy charged in Count One above." Id.

The Court finds that the witness tampering count is part and parcel of the same criminal scheme alleged in the conspiracy count. The indictment indicates that the conspiracy to traffic in motor vehicles "necessarily led to," Jawara, 474 F.3d at 574, defendant's attempt to prevent M.F.'s testimony regarding his role in that conspiracy. See also United States v. Velasquez, 772 F.2d 1348, 1354 (7th Cir. 1985) ("[A] conspiracy and its cover-up are parts of a common plan[.]"). In addition, the evidence necessary to prove Count 1 overlaps substantially with the

ORDER DENYING MOTION TO
SEVER COUNTS - 3

evidence required to prove Counts 21 and 22. See Terry, 911 F.2d at 276.  M.F. and the government cooperators are expected to testify about the auto theft ring and defendant's motives for the shooting.  See Dkt. #213 at 7.  Moreover, proof of witness tampering both constitutes and depends upon proof of the conspiracy to be concealed.  Jawara, 474 F.3d at 574.

Defendant's attempt to find ambiguity in the indictment is unavailing.  Defendant emphasizes that the indictment alleges only an "intent to prevent the attendance and testimony of M.F. *in an official proceeding*" without specifically identifying the grand jury proceeding connected to the stolen vehicle scheme.  Dkt. #208 at 10 (quoting Dkt. #166 at 13).  But the reference to "an official proceeding" must be read in the context of the indictment as a whole. See United States v. Blinder, 10 F.3d 1468, 1471 (9th Cir. 1993) ("An indictment should be: '(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense.'") (quoting United States v. Buckley, 689 F.2d 893, 899 (9th Cir. 1982)).  When the entirety of Counts 21 and 22 is read alongside Count 1, see supra p. 3, the face of the indictment draws a clear connection between the charged offenses.

Finding no violation of Fed. R. Crim. P. 8(a), the Court next assesses defendant's claim of prejudice under Fed. R. Crim. P. 14(a).  Rule 14(a) provides that "[i]f the joinder of offenses . . . appears to prejudice a defendant or the government, the court may order separate trials of counts."  The Court has broad discretion to grant or deny severance pursuant to Rule 14(a). Zafiro v. United States, 506 U.S. 534, 541 (1993).  Joinder is "the rule rather than the exception," United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980), and accordingly "Rule 14 sets a high standard for a showing of prejudice," United States v. Vasquez-Velasco, 15 F.3d 833, 845 (9th Cir. 1994).  Defendant must show that a joint trial is "so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial."  United States v. Abushi, 682 F.2d 1289, 129 (9th Cir. 1982).

Defendant has failed to meet that burden here.  His motion for severance does not identify any prejudice to his defense of the motor vehicle counts.  See Dkt. #208 at 10-11.

ORDER DENYING MOTION TO
SEVER COUNTS - 4

Instead, his argument for severance emphasizes only the weakness of the government's evidence with respect to the witness tampering charge. See id. at 11 (noting that "there is no physical or forensic evidence connecting Mr. Dorsey to the shooting" and that the witnesses' information is "based on rumor"). In his reply brief defendant contends that the weak evidence as to Counts 21 and 22 creates an "elevated risk of prejudice" when joining those counts with the motor vehicle offenses. Dkt. #219 at 5. But where, as here, initial joinder is appropriate based on the face of the indictment, the Court sees no reason to preempt the government's proffer of evidence by determining in advance that the evidence it intends to put forth at trial is insufficient to prove witness tampering. The government's reference to circumstantial evidence of defendant's role in the shooting and its connection to the conspiracy, Dkt. #213 at 4-5, is enough to establish a nexus between the various counts to survive a Rule 14 motion at this stage.[1]

Finally, defendant's hypothesis that the jury will unfairly attribute the witness tampering allegations to his alleged role in the stolen vehicle conspiracy does not demonstrate a "clear," "manifest," or "undue" prejudice, United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980) (citation omitted). Even if the counts were severed, evidence related to Counts 21 and 22 may be admissible as evidence of defendant's guilt on the remaining offenses. See United States v. Meling, 47 F.3d 1546, 1557 (9th Cir. 1995) (attempt to intimidate witnesses shows "consciousness of guilt – second only to a confession in terms of probative value"). Because the government is alleging that the shooting was committed in furtherance of the car theft conspiracy, the nature of the charges invites the jury to consider the evidence of witness tampering in its assessment of the other counts. The necessary interrelation between the two sets of charges only bolsters the justification for joinder.

---

[1] The Court is mindful, however, of its "continuing duty at all stages of the trial to grant a severance if prejudice does appear." Schaffer v. United States, 362 U.S. 511, 516 (1960); see id. ("[W]here . . . the charge which originally justified joinder turns out to lack the support of sufficient evidence, a trial judge should be particularly sensitive to the possibility of such prejudice.").

ORDER DENYING MOTION TO
SEVER COUNTS - 5

### III. CONCLUSION

For all of the foregoing reasons, defendant's motion to sever counts (Dkt. #208) is DENIED.

DATED this 6th day of April, 2009.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
SEVER COUNTS - 6